UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANDREA WILSON,
    Plaintiff,

Case No. 1:14-cv-00593

Barrett, J.
Litkovitz, M.J.

vs.

BRIDGEWELL HOSPITAL/
EVERGREEN, et al.,
    Defendants.

**REPORT AND RECOMMENDATION**

Plaintiff Andrea Wilson, proceeding pro se, brings this consolidated employment discrimination action against defendants Evergreen Southwest Behavioral Health Services LLC, dba Bridgewell Hospital (Bridgewell Hospital)[1], the Board of Directors of Bridgewell (the Board), Bridgewell Manage Team (Bridgewell Manage), Geoffrey Webster, Wanda Rice, Glenna Coffey, Dr. Babu Gupta, Tiffany Hardy, Pamela Barnes, and Don Sykes.[2] This matter is before the Court on two motions: (1) a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) originally filed in Case No. 1:14-cv-680 by defendants Bridgewell Hospital, Coffey, Rice and Webster (Doc. 5), which is unopposed; and (2) a motion to dismiss the complaint pursuant to Fed. R. Civ. P 12(b)(6) filed in Case No. 1:14-cv-593 by defendants Rice, Coffey, Webster, the Board, and Bridgewell Manage (Doc. 6), plaintiff's response in opposition to the motion to dismiss (Doc. 9), and movants' reply memorandum in support of the motion (Doc. 10).

---

[1] Plaintiff refers to Bridgewell Hospital as either Bridgewell Hospital/Evergreen or Bridgewell Hospital/Evergreen Southwest Behavioral Health.

[2] Plaintiff filed two lawsuits involving the same parties and the same claims. The second case, *Wilson v. Bridgewell Hospital/Evergreen Southwest Behavioral Health, et al.*, Case No. 1:14-cv-680, was consolidated with this lawsuit on December 1, 2014. (Doc. 11).

I. Introduction

Plaintiff filed two form complaints against defendants under 42 U.S.C. § 2000e-5(f)(1). Plaintiff filed the first complaint in Case No. 1:14-cv-593 on July 21, 2014 (Doc. 3) and the second complaint in Case No. 1:14-cv-680 on August 26, 2014 (Doc. 3). Plaintiff alleges in the complaints that she was employed at Bridgewell Hospital from January 2011 until October 2013, when she was wrongfully terminated. Plaintiff alleges that during her employment, the individual defendants subjected her to workplace discrimination, harassment and retaliation. Plaintiff alleges that she suffered further retaliation after she filed charges with the Ohio Civil Rights Commission (OCRC) and the Equal Employment Opportunity Commission (EEOC) and supported a coworker, Rhonda Gray, who had filed a charge. Plaintiff alleges that after filing complaints and charges against Bridgewell Hospital, her schedule was changed and her hours were reduced. Plaintiff also generally alleges that she was terminated "right after filing [her] FMLA paperwork." Plaintiff has attached to each of her federal complaints four charges that she filed with the OCRC in June, July, September and October 2013. (Doc. 3-3). In the charges, plaintiff alleges harassment based on her religion, sexual harassment, hostile work environment, and retaliation.

Defendants Webster, Rice, Coffey, the Board, and Bridgewell Manage move to dismiss the complaint filed in Case No. 1:14-cv-593 on the ground plaintiff did not file an EEOC charge against them, which they allege is a necessary prerequisite to a Title VII lawsuit. (Doc. 6). Movants allege that they were not named as respondents in the charges plaintiff filed with the OCRC, and there is no indication that any movant has a clear identity of interest with Bridgewell Hospital, the employer/entity named in the charges. (*Id.*). In response, plaintiff alleges that the Board and Bridgewell Manage are the owners of Bridgewell Hospital. (Doc. 9). She also

2

alleges that defendants Webster and Coffey, together with defendants Hardy and Barnes, attended a hearing at the OCRC office in November 2013 and that defendant Rice "submitted paperwork." (*Id.*). As part of her response, plaintiff has submitted an additional form complaint alleging that during her employment at Bridgewell Hospital, "defendant" harassed her, denied her promotions and training, threatened her job, changed her work schedule, falsely accused her and presented her with discipline, and subjected her to a hostile work environment. (*Id.*).

Defendants Bridgewell Hospital, Webster, Rice and Coffey move to dismiss the complaint filed against them in Case No. 1:14-cv-680. (Doc. 5). Defendant Bridgewell moves to dismiss the complaint based on "preclusion," noting that plaintiff alleges essentially the same facts and seeks the same relief in Case No. 1:14-cv-680 and Case No. 1:14-cv-593. The individual movants seek dismissal of the complaint filed in Case No. 1:14-cv-680 on the ground they were not named as respondents in any of plaintiff's administrative charges and there is no indication in the complaint of a clear identity of interest between any movant and Bridgewell Hospital.

**II. Standard of Review**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). The

reviewing court must accept as true the plaintiff's factual allegations but need not accept as true the plaintiff's legal conclusions or unwarranted factual inferences. *Gean v. Hattaway*, 330 F.3d 758, 765 (6th Cir. 2003). When construing the complaint of an individual proceeding pro se, the Court must bear in mind that pro se pleadings are held to less stringent standards than formal pleadings drafted by lawyers. *Montgomery v. Huntington Bank,* 346 F.3d 693, 697 (6th Cir. 2003).

Information contained in an EEOC filing which is referenced in the complaint and attached thereto is considered part of the pleadings. *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001). The reviewing court should consider that information when deciding whether to grant a Rule 12(b)(6) motion. (*Id.*).

**III. The motion to dismiss filed in Case No. 1:14-cv-593 (Doc. 6)**

Movants premise their motion to dismiss the complaint filed in Case No. 1:14-cv-593 on plaintiff's failure to exhaust her administrative remedies. A plaintiff must first exhaust her administrative remedies before bringing a Title VII claim in federal court, including by timely filing a charge with the EEOC. *Williams v. CSX Transp. Co.*, 643 F.3d 502, 507-08 (6th Cir. 2011) (citing 42 U.S.C. § 2000e-5(e), (f); *Younis v. Pinnacle Airlines, Inc.,* 610 F.3d 359, 362 (6th Cir. 2010)). "Charges . . . shall contain such information and be in such form as the [EEOC] requires." 42 U.S.C. § 2000e-5(b). A written charge is "sufficient" for purposes of the EEOC regulations if it is "sufficiently precise to identify the parties, and to describe generally the action or practices complained of." *Id*. at 508 (quoting 29 C.F.R. § 1601.12(b)).

Courts have held that "naming a party in the narrative section of the charge, even if omitted in the caption, is sufficient to satisfy the charging requirement in 42 U.S.C. § 2000e-5(f)(1) where the discrimination the party is alleged to have engaged in is described with

4

particularity." *Maldonado-Cordero v. AT & T*, 73 F. Supp.2d 177, 186 (D.P.R. 1999) (citing *Glickstein v. Neshaminy School Dist.,* No. Civ. A 96-6236, 1999 WL 58578, *6 (E.D. Pa. Jan. 26, 1999); *Pineda v. Almacenes Pitusa, Inc.,* 982 F. Supp. 88, 94 (D.P.R. 1997)). *See also Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, U. A.*, 657 F.2d 890, 906 (7th Cir. 1981) ("parties sufficiently named or alluded to in the factual statement [of the EEOC charge] are to be joined" in the lawsuit). The purposes of the naming requirement are satisfied under these circumstances because the charged party is provided notice and both the parties involved and the conduct complained of are identified, thereby allowing the EEOC to promote voluntary compliance. *Maldonado-Cordero,* 73 F. Supp.2d at 186. *Cf. Lockhart v. Holiday Inn Exp. Southwind*, 531 F. App'x 544, 546 (6th Cir. 2013) (requirement that a plaintiff first name a party in an EEOC charge before bringing a Title VII claim against that party in federal court serves two goals: first, the requirement serves notice purposes since the charge notifies the named party of the discrimination claim alleged against it, and second, it enables the charged party to participate in conciliation efforts aimed at securing voluntary compliance with Title VII).

A limited exception to the named party rule exists where there is a "clear identity of interest" between the party named in the EEOC charge and the unnamed party that was actually sued. *Lockhart,* 531 F. App'x at 546 (citing *Szoke v. UPS of America, Inc.*, 398 F. App'x 145, 153-54 (6th Cir. 2010)). As a general rule, courts find an identity of interest "where the unnamed party has been provided with adequate notice of the charge under circumstances which afford him an opportunity to participate in conciliation proceedings aimed at voluntary compliance." *Romain v. Kurek,* 836 F.2d 241, 245 (6th Cir. 1987) (citing *Eggleston,* 657 F.2d at 905). By eliminating the need for "procedural exactness in stating the charge," the identity of

5

interest exception serves the remedial goals of Title VII. *Lockhart,* 531 F. App'x at 546 (citing *Romain*, 836 F.2d at 245).

The Sixth Circuit has adopted two tests for determining whether the identity of interest exception applies. *Id.* at 547. Under the first test, "an identity of interest exists when the unnamed party possesses sufficient notice of the claim to participate in voluntary conciliation proceedings." *Alexander v. Local 496, Laborers' Intern. Union of N. Am* , 177 F.3d 394, 411 (6th Cir. 1999) (quoting *Eggleston,* 657 F.2d at 905). The second test requires application of four factors to determine the relationship between the named and unnamed parties:

> (1) Whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint;
> (2) Whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings;
> (3) Whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party;
> (4) Whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Id.* (quoting *Glus v. G.C. Murphy Co.,* 562 F.2d 880, 888 (3rd Cir. 1977)).

Here, the only respondent named in the caption of the four EEOC charges plaintiff filed with the OCRC is Bridgewell Hospital. (Doc. 3-3). Plaintiff did not mention Bridgewell Manage Team, the Board of Directors of Bridgewell, Webster or Rice in the narrative portion of any of her EEOC charges.[3] Further, plaintiff has not made any allegations that suggest there is an identity of interest between any of these defendants and Bridgewell Hospital. Plaintiff alleges that Bridgewell Manage and the Board are owners of Bridgewell Hospital (Doc. 9); however, she does not dispute defendants' assertion that there is no legal entity known as "Bridgewell Manage

---

[3] Plaintiff specifically mentioned defendant Coffey in the narrative portion of the July 2013 OCRC charge. (Doc. 3-3). However, even assuming that plaintiff's allegations were sufficient to put Coffey on notice of plaintiff's charge against her, the complaint against Coffey should nonetheless be dismissed for the reasons discussed below.

6

Team" or the "Board of Directors of Bridgewell." (Doc. 6, n.1). Plaintiff also vaguely alleges in her response to the motion to dismiss that defendant Webster attended a hearing at the OCRC office in November 2013 and that Rice "submitted paperwork" to the OCRC. However, these allegations are insufficient to show that Webster and Rice had notice of a claim against them personally or any ability to participate in conciliation efforts on their own behalf. Accordingly, the claims against these defendants should be dismissed based on plaintiff's failure to exhaust her administrative remedies.

In addition, plaintiff's claims against defendants Webster, Rice, Coffey, and the remaining individual defendants named in Case No. 1:14-cv-593 should be dismissed because under well-settled Sixth Circuit law, an individual employee/supervisor who does not otherwise qualify as an "employer" is not subject to personal liability under Title VII. *Wathen v. General Electric Co.*, 115 F.3d 400, 405 (6th Cir. 1997). Title VII defines "employer," in pertinent part, as a "person engaged in an industry affecting commerce who has fifteen or more employees. . . ." 42 U.S.C. § 2000e(b). According to the complaint, Bridgewell Hospital is a company with more than 15 employees which at all relevant times was plaintiff's "employer." (Docs. 3, 3-3). Accordingly, the individual employees of Bridgewell Hospital cannot be held personally liable under Title VII. The complaint against all individual defendants in Case No. 1:14-cv-593 should therefore be dismissed pursuant to 28 U.S.C. § 1915(e)(1)(B)(ii), which authorizes the Court to dismiss an *in forma pauperis* action at any time if the Court determines that the action fails to state a claim on which relief may be granted.

For these reasons, the claims filed against all defendants in Case No. 1:14-cv-593, with the exception of defendant Bridgewell Hospital, should be dismissed.

### IV. The motion to dismiss filed in Case No. 1:14-cv-680 (Doc. 5)

Defendants Bridgewell Hospital, Webster, Rice and Coffey move to dismiss the complaint filed in Case No. 1:14-cv-680 on the grounds that (1) the claims plaintiff raises in that complaint are duplicative of the claims presented in Case No. 1:14-cv-593, and (2) plaintiff did not name the individual movants as respondents in the charges she filed with the OCRC. (Doc. 5). Because the two lawsuits have been consolidated, defendants' request to dismiss the complaint on the ground plaintiff's claims are duplicative of her earlier claims is moot. The individual movants' argument that plaintiff's claims against them must be dismissed based on plaintiff's failure to name them as respondents in her administrative charges is also moot in light of the undersigned's resolution of the issue of the individual employees' liability in connection with the motion to dismiss in Case No. 1:14-cv-593.

### IT IS THEREFORE RECOMMENDED THAT:

1. The motion to dismiss (Doc. 6) be **GRANTED** as to defendants the Board of Directors of Bridgewell, Bridgewell Manage Team, Wanda Rice, Geoffrey Webster, Glenna Coffey, Dr. Babu Gupta, Tiffany Hardy, Pamela Barnes, and Don Sykes, and these defendants be **DISMISSED** from the consolidated action.

2. The motion to dismiss filed in Case No. 1:14-cv-680 (Doc. 5) be **DENIED** as moot, and the consolidated action proceed against defendant Evergreen Southwest Behavioral Health Services LLC, dba Bridgewell Hospital.

Date: 12/3/14

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANDREA WILSON,
    Plaintiff,

Case No. 1:14-cv-00593

Barrett, J.
Litkovitz, M.J.

vs.

BRIDGEWELL HOSPITAL/
EVERGREEN, et al.,
    Defendants.

NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Andrea Wilson
772 Smiley Ave.
Cinti, OH 45240

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☒ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7011 3500 0001 5345 6267

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540